LaSALLE MUSIC PUBLISHERS, INC., T.B. Harms Co. and Milene Opreland Music, Inc., Plaintiffs,

v.

**Roy F. HIGHFILL, Defendant.**

FOURTH FLOOR MUSIC, INC., Terraform Music, Prater Music and Milene Music, Inc., Plaintiffs,

v.

**Roy F. HIGHFILL, Defendant.**

Nos. 85–3388–CV–S–4, 85–0729–CV–S–4.

United States District Court, W.D. Missouri, S.D.

Nov. 4, 1985.

Stacy R. Obenhaus, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiffs.

Ralph Weatherwax, Springfield, Mo., for defendant.

## ORDER

RUSSELL G. CLARK, District Judge.

On October 1, 1985, this Court issued an order directing the plaintiffs to show cause

why their complaints should not be dismissed for failure to state a claim for which relief can be granted. On October 21, 1985, the plaintiffs replied to the show cause order. The defendant's motion to dismiss will be denied.

The essential question presented by the motion to dismiss is whether, in a copyright action, the plaintiff must plead and prove that the performance of the copyrighted work by the defendant was "for profit." It is the plaintiffs' position that such an allegation need not be made. Plaintiffs further state that if the performance was not "for profit" the defendant is obligated to raise this exemption as an affirmative defense to the plaintiffs' complaints.

The plaintiffs draw this Court's attention to the legislative history of the copyright laws. Apparently, the 1909 Copyright Act contained a "for profit" requirement. Accordingly, courts have in the past required plaintiffs to allege that the copyright infringement was "for profit." *See, Fourth Floor Music, Inc. v. Der Place, Inc.*, 572 F.Supp. 41, 43 (D.Neb.1983). In 1976, the Copyright Act was amended. 17 U.S.C. § 106 sets forth the "bundle of rights" given to copyright holders. The "for profit" requirement has been removed from the section granting the bundle of rights and instead has been placed among the exemptions from § 106. A "not for profit" exemption is now included in 17 U.S.C. § 110(4). As the plaintiffs point out, the omission of the "for profit" language was an intentional change.

> The right of public performance under § 106(4) extends to "literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works and sound recordings" and, unlike the equivalent provisions now in effect, is not limited by any "for profit" requirement. The approach of the bill, as in many foreign laws, is first to state the public performance right in broad terms, and then to provide specific exemptions for educational and other nonprofit uses.

H.R.Rep. No. 1486, 94th Cong., 2d Sess. 200 (1976). This Court does not believe that Rule 8 would require the pleader to specifically allege the absence of the exemptions contained in 17 U.S.C. § 107 through 118. Instead, those exemptions, if they exist, should be raised by the defendant as an affirmative defense.

Accordingly, and for the foregoing reasons, it is hereby

ORDERED that the defendant's motion to dismiss is denied.