**ALMO MUSIC CORPORATION; Landers-Roberts Music; Octave Music Publishing Corp.; T.B. Harms Company; Boz Scaggs Music; Cromwell Music, Inc.; and Bourne Co., Plaintiffs,**

v.

**77 EAST ADAMS, INC., and Dino P. Verros, Defendants.**

**No. 86 C 3275.**

United States District Court,
N.D. Illinois, E.D.

Nov. 13, 1986.

Dennis C. Waldon, Monica L. Thompson, Paul K. Witsitt, Michael J. Allen, Keck, Mahin & Cate, Chicago, Ill., for plaintiffs.

Constantine N. Dranias, Idarius, Drainas & Associates, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This copyright infringement case is before the court on the motion of defendants 77 East Adams, Inc. ("Adams") and Dino P. Verros to dismiss for failure to state a claim upon which relief could be granted. This court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

In order to survive a motion to dismiss in a copyright infringement case, plaintiffs must make sufficient allegations regarding (1) the originality and authorship of the compositions involved; (2) compliance with the formalities required to secure a copyright under Title 17, United States Code; (3) plaintiffs' ownership of the copyrights of the relevant compositions; (4) defendants' public performance of the compositions; and (5) defendants' failure to obtain permission from the plaintiffs or their representatives for such performance. *See Van Halen Music v. Palmer*, 626 F.Supp. 1163, 1164–65 (W.D.Ark.1986); *Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F.Supp. 104, 107 (N.D.Ill.1982). There is some dispute as to whether plaintiffs must also allege that the defendants' public performance was done for profit. *Compare Van Halen Music, supra, with LaSalle Music Publishers, Inc. v. Highfill*, 622 F.Supp. 168, 168–69 (W.D.Mo.1985).

This court finds plaintiffs' complaint sufficient with respect to the first five required allegations. It is undisputed, however, that plaintiffs did not allege that their copyrighted work was performed publicly for profit. This court will therefore turn to the question of whether such an allegation is required.

Only the *LaSalle* court has addressed this precise issue. In that case, the district judge reasoned that under the 1976 Copyright Act, Title 17 U.S.C., plaintiffs no longer have to allege that defendants performed the copyrighted work publicly for profit. *See id.* at 169. The court's reasoning was as follows: whereas the 1909 Copyright Act entitled the holder only to all for-profit performances of the copyrighted work, the 1976 Act expanded this entitlement to both for-profit and not-for-profit performances. A nonprofit exception, placed in a separate section with other exemptions, was therefore pleaded best as an affirmative defense. *Id.*

We believe that this reading of the statute is correct, based on the legislative history of the 1976 amendment:

> The right of public performance under section 106(4) ... is not limited by any "for profit" requirement. The approach of the bill, ..., is first to state the public performance right in broad terms, and then to provide specific exemptions for educational and other nonprofit uses.
>
> This approach is more reasonable than the outright exemption of the 1909 statute. The line between commercial and "nonprofit" organizations is increasingly difficult to draw. Many "non-profit" organizations are highly subsidized and capable of paying royalties, and the widespread public exploitation of copyrighted works by public broadcasters and other noncommercial organizations is likely to grow. In addition to these trends, it is worth noting that performances and displays are continuing to supplant markets for printed copies and that in the future a broad "not for profit" exemption could not only hurt authors but could dry up their incentive to write.

H.R.Rep. No. 1476, 94th Cong., 2d Sess. 5, *reprinted in* 17 U.S.C.A. § 106 historical note (1977).

This history teaches two things. First, it clarifies the notion that the copyright holder has a presumptive entitlement to all nonprofit performances of the work in question. Second, it demonstrates Congress' desire to protect the holder against widespread nonprofit performances of the copyrighted work. This second point is especially important in the instant case, where the issue concerns the burden of pleading. Accordingly, this court finds that plaintiffs did not have to plead that their copyrighted work was performed for profit in order to survive a motion to dismiss.

Defendants' other arguments in support of dismissal fare no better. Defendants claim that the complaint fails to allege that they transmitted the copyrighted work on a multiple receiving apparatus and that they collected any direct charge from anyone in connection with the alleged infringement.

We find these arguments unpersuasive for the same reason. Defendants again seem (although it is not clear, because a supporting memorandum was never filed) to refer to the exemptions part of the statute, particularly § 110(4) and (5). However, as discussed earlier, plaintiffs do not need to allege the nonexistence of the affirmative defense granted in § 110(4) and there is no reason to treat § 110(5) any differently.

For the above reasons, the motion to dismiss of defendants Adams and Verros is denied.

IT IS SO ORDERED.