NICK–O–VAL MUSIC CO., INC., Perren-Vibes Music, Inc., T.B. Harms Company, Jobete Music Co., Inc., Black Bull Music, Inc., Saggifire Music, Mburu Music, Bush Burnin' Music, Inc., Ya D Sir Music, Controversy Music, Almo Music Corporation, Crazy People Music, April Music, Inc., Bovina Music, Inc., MCA, Inc., Little Tanya Music, Zomba Enterprises Inc. and Eastmond Music, Plaintiffs,

v.

P.O.S. RADIO, INC., Pres-Jas, Inc. and Mark A. Picus, Defendants.

No. 86–790–Civ.–J–16.

United States District Court,
M.D. Florida.
Jacksonville Division.

Feb. 23, 1987.

Blackwell Walker Fascell & Hoehl, Miami, Fla., for plaintiffs.

Lester Makofka, Jacksonville, Fla., for defendants.

## FINAL SUMMARY JUDGMENT

JOHN H. MOORE, II, District Judge.

This cause is before the Court on Plaintiffs' Motion for Summary Judgment, filed January 27, 1987. Defendants have not timely filed any response nor have they offered any materials whatsoever in opposition to said motion.

Plaintiffs seek the entry of summary judgment on the issue of Defendants' liability for copyright infringement, and they further request the entry of permanent injunctive relief against Defendants, an award of statutory damages for each of the alleged infringements, and an award of attorneys' fees and costs. After thorough review of the relevant pleadings, memorandum, and exhibits, the Court concludes that there is no genuine issue as to any material fact and that Plaintiffs are entitled to judgment as a matter of law and all relief requested.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

### I. *Evidentiary Support for Motion*

Plaintiffs support their motion for summary judgment with affidavits, a deposition, various exhibits, and most significantly, a series of extensive requests for admissions served and addressed to each Defendant pursuant to Rule 36, *Fed.R.Civ.P.* Defendants have not served any answers or objections or otherwise responded to Plaintiffs' requests for admissions.

Any matter of which admission is requested is deemed admitted, and thus conclusively established, unless written answer or objection is timely served by the party to whom the request is addressed.

Rule 36, *Fed.R.Civ.P.* The facts deemed admitted by operation of Rule 36 because of Defendants' failure to respond in any manner to Plaintiffs' requests for admissions may serve to support the grant of summary judgment in favor of Plaintiffs. *See Stubbs v. Commissioner of Internal Revenue,* 797 F.2d 936, 937–38 (11th Cir. 1986).

## II. *Liability*

■ In the instant case, the admitted facts and Plaintiffs' other submissions establish as a matter of law all of the elements necessary to impose liability on Defendants for copyright infringement. *See Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980). The admissions show that Plaintiffs were at all material times the proprietors of the copyrights in the musical compositions which are the subject of this lawsuit. In addition to the admissions, the affidavits of George Bolotin, Kelly McDonough, and Kenneth Ayden demonstrate that Defendants publicly performed the copyrighted musical compositions. Further, there is no evidence that Defendants received permission from any of the Plaintiffs or their representatives for such performances.

As well as alleging and proving all of the necessary elements to their cause of action, Plaintiffs address and resolve to the Court's satisfaction two additional issues that were raised by the pleadings in this cause.

■ The first issue raised is whether Defendant, MARK A. PICUS ("Picus"), who is sued individually, may be held personally liable for the infringements by the two corporate Defendants. Under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* an individual who is the dominant influence in a corporation and has the capacity to control the acts of that corporation may be held jointly liable with the corporation for any proved infringements, even in the absence of the individual's actual knowledge that the infringements occurred. *Boz Scaggs Music,* 491 F.Supp. at 913–14. Here, the admissions and Picus' own deposition show that he occupied such a position of dominant influence and control over both corporate Defendants. Thus, liability for all of the proved infringements may be imposed on Picus individually.

■ The second issue raised is whether, if as alleged in their Answers and Affirmative Defenses Defendants were overcharged for the right to hold ASCAP licenses entitling them to publicly perform the subject musical compositions, Defendants nonetheless could publish the musical compositions without infringing on Plaintiffs' copyrights. Plaintiffs argue, and the Court agrees, that the issue of whether Defendants were overcharged by ASCAP is irrelevant to the issue of whether Defendants infringed on Plaintiffs' copyrights. The ASCAP licenses in question were non-exclusive. Defendants could have negotiated with each Plaintiff for permission to publicly perform a copyrighted musical composition. There is absolutely no evidence that Defendants received such permission from any of the Plaintiffs. Without either ASCAP licenses or other permission from Plaintiffs, the subject broadcasts constituted infringement of Plaintiffs' copyrights for which Plaintiffs are entitled to relief.

Therefore, the Court concludes that Defendants are liable to Plaintiffs for the infringement of Plaintiffs' copyrights in the twenty musical compositions listed in Schedule A of the Complaint herein.

## III. *Relief*

■ Section 502(a), Title 17, U.S.C., authorizes the Court to grant injunctions to prevent or restrain copyright infringement. Having concluded that Defendants infringed on the Plaintiffs' copyrights in the twenty musical compositions listed in Schedule A of the Complaint, the Court shall enjoin Defendants from any further infringement of those copyrights. *See Boz Scaggs Music,* 491 F.Supp. at 914.

■ Plaintiffs also seek an award of statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c). The assessment of the amount of statutory

damages to be awarded lies within the discretion of this Court. The factors to be considered in determining the amount of damages are: (1) the expenses saved and profits reaped by Defendants in connection with the infringements; (2) the revenues lost by Plaintiffs as a result of Defendants' conduct; and (3) the infringers' state of mind—whether willful, knowing, or merely innocent. *Boz Scaggs Music,* 491 F.Supp. at 914.

Here, Plaintiffs estimate that Defendants saved approximately $22,000 in expenses for license fees they did not pay. However, Plaintiffs seek monetary relief in the total amount of $50,000; $2,500 for each infringement; on the grounds that Defendants acted willfully. Upon a finding of willfulness, such an augmentation of the statutory damage award is within the discretion of the Court. 17 U.S.C. § 504(c)(2); *see Rodgers v. Eighty Four Lumber Company,* 623 F.Supp. 889, 892 (W.D.Pa.1985).

■ As was the case in *Rodgers,* here the affidavit of John P. Marcus, the exhibits, and the admissions show that Defendants knew of their license fee delinquencies, and knew or should have known that their ASCAP licenses had been revoked and that they faced potential liability under the federal copyright laws. Yet, Defendants deliberately ignored this knowledge, as well as ASCAP's attempts at renegotiation and reconciliation, and broadcast the copyrighted musical compositions without proper licensing or other valid permission. This uncontroverted evidence is sufficient to sustain a finding that Defendants acted willfully. Therefore, in light of the circumstances presented by Plaintiffs, and in the exercise of its discretion, the Court shall award statutory damages to Plaintiffs in the amount of $2,500 for each infringement of the copyrights of the twenty musical compositions listed in Schedule A of the Complaint.

Lastly, Plaintiffs seek an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505.

Plaintiffs incurred costs in the amount of $96.00. Defendants have not challenged this amount. The Court finds the costs incurred by Plaintiffs to be appropriate.

■ Also, in the exercise of its discretion, the Court may award a reasonable attorneys' fee to the prevailing party. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 832 (11th Cir.1982). Here, Plaintiffs seek an attorneys' fee award in the amount of $4,500, based on 44.6 hours of attorney time incurred in the prosecution of the case, multiplied by an hourly fee rate of approximately $100.00. The Court finds that the number of hours spent by counsel for Plaintiffs and the hourly rate charged were reasonable. The Court further finds that none of the remaining *Johnson* factors, *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), should serve to enhance or decrease the fee award based on the lodestar amount of $4,500. Plaintiffs have obtained full relief, but this is neither a case of "exceptional success" nor one of exceptional difficulty. *See Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Counsel for Plaintiffs are skilled, experienced, and highly regarded, and they performed competently in the prosecution of this case. Nonetheless, the Court finds that their level of skill, reputation, and performance do not justify enhancement of the fee award. Finally, the Court finds that the remaining *Johnson* factors are neutral.

Accordingly, it is now

ORDERED and ADJUDGED:

1. That Plaintiffs' Motion for Summary Judgment be and the same is hereby GRANTED.

2. That Defendants, P.O.S. RADIO, INC. and PRES–JAS, INC., their respective officers, agents, servants, and employees, and Defendant, MARK A. PICUS, be and they are hereby ENJOINED and RESTRAINED from any further infringement of Plaintiffs' copyrights in the twenty (20) musical compositions listed in Schedule A of the Complaint in this action.

3. That Plaintiffs, NICK–O–VAL MUSIC CO., INC., PERRENVIBES MUSIC, INC., T.B. HARMS COMPANY (BIBO MU-

SIC PUBLISHERS DIVISION), JOBETE MUSIC CO., INC., SAGGIFIRE MUSIC, MBURU MUSIC, BUSH BURNIN' MUSIC, INC., YA D SIR MUSIC, CONTROVERSY MUSIC, CRAZY PEOPLE MUSIC, ALMO MUSIC CORPORATION, APRIL MUSIC, INC., and BOVINA MUSIC, INC., have and recover of and from Defendants, P.O.S. RADIO, INC. and MARK A. PICUS, who are jointly liable, the sum of $30,000 statutory damages.

4. That Plaintiffs, JOBETE MUSIC CO., INC., BLACK BULL MUSIC, INC., MCA, INC., LITTLE TANYA MUSIC, ZOMBA ENTERPRISES, and BARRY EASTMOND MUSIC, have and recover of and from Defendants, PRES–JAS, INC. and MARK A. PICUS, who are jointly liable, the sum of $20,000 statutory damages.

5. That Plaintiffs have and recover of and from Defendants their costs in the amount of $96.00, plus their attorneys' fees in the amount of $4,500.