**FLYTE TYME TUNES, Polygram Music Publishing, Inc., Bon Jovi Publishing, SKB April Music, Inc. and Desmobile Music Company, Inc., Plaintiffs,**

v.

**Deanna MISZKIEWICZ and John Miszkiewicz, Defendants.**

No. 88–C–769.

United States District Court, E.D. Wisconsin.

June 19, 1989.

Nancy K. Peterson, Quarles & Brady, Milwaukee, Wis., for plaintiffs.

William J. Vande Castle, Warpinski & Vande Castle, Green Bay, Wis., for defendants.

### DECISION AND ORDER

WARREN, Chief Judge.

This is a suit for copyright infringement, Title 17, United States Code, in which the plaintiffs allege seven causes of action based on the defendants' public performance of copyrighted musical compositions. The infringing performances allegedly were rendered at defendants' establishment, the Bamboo Room, in Green Bay, Wisconsin on February 5, 1988. The plain-

tiffs seek the following remedies: (1) defendants be enjoined and restrained permanently from publicly performing the copyrighted compositions; (2) defendants pay such statutory damages as the Court believes just under 17 U.S.C. § 504(c)(2); and (3) defendants pay the costs of this action and that a reasonable attorneys' fee be allowed as part of the costs.

Presently pending before the Court is the plaintiffs' motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment against defendants Deanna Miszkiewicz and John Miszkiewicz on the grounds that there is no genuine issue as to any material fact and plaintiffs are entitled to judgment as a matter of law.

### Background

Plaintiffs in this action are music publishers and members of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a nonexclusive right to license nondramatic public performances of their copyrighted musical compositions. On behalf of plaintiffs and its more than 38,000 other members, ASCAP licenses thousands of music users including radio and television networks and stations, restaurants, nightclubs and other establishments whose owners desire to perform lawfully copyrighted musical compositions in the ASCAP repertory. Occasionally, however, users decline ASCAP's offer of a license agreement and perform copyrighted works without the permission of the copyright owners; when that occurs, litigation follows. *See* Plaintiffs' Brief, p. 2 (*citing International Korwin Corp. v. Kowalczyk*, 665 F.Supp. 652 (N.D.Ill.1987), *aff'd.* 855 F.2d 375, 376 n. 1 (7th Cir.1988), *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979) for examples of ASCAP's licensing and enforcement practices).

Plaintiffs allege that the defendants Deanna and John Miszkiewicz at all times pertinent herein jointly owned and operated the Bamboo Room; and that defendants refused to obtain an ASCAP license and failed to obtain permission from ASCAP's members to perform their copyrighted musical compositions in the ASCAP repertory, including those works owned by the plaintiffs and performed at the Bamboo Room on February 5, 1988. Although fully cognizant of their potential liability under the Copyright Law, defendants deliberately performed copyrighted music in the ASCAP repertory without license or other authorization. Hence, this action was filed.

On March 15, 1989, the plaintiffs filed this presently pending motion for summary judgment seeking the remedies provided by the United States Copyright Law, including an injunction prohibiting further infringing performances of the seven songs in suit (17 U.S.C. § 205(a)); statutory damages of between $250 and $50,000 in each cause of action (17 U.S.C. §§ 504(c)(1) and (2)); and costs including a reasonable attorneys' fee (17 U.S.C. § 505).

### Analysis

"Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' When the facts are disputed, the parties must produce proper documentary evidence to support their contentions, and may not rest on mere allegations in the pleadings, *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983) or upon conclusory statements in affidavits. *First Commodity Traders v. Heinold Commodities*, 766 F.2d 1007, 1011 (7th Cir.1985). In reviewing a grant of summary judgment, all reasonable inferences from the evidence presented must be drawn in favor of the opposing party. *Matsushita Electric Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) The mere existence of a factual dispute will not bar summary judgment unless 'the disputed fact is outcome determina-

tive under governing law.' *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983)."

*Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir.1987).

■ The elements of a copyright infringement action arising from unauthorized public performance are set forth in *Almo Music Corp. v. 77 East Adams, Inc.*, 647 F.Supp. 123, 124 (N.D.Ill.1986). In order to establish a claim of copyright infringement in an action such as this, plaintiffs must establish the following elements: (1) the originality and authorship of the compositions involved; (2) compliance with the formalities of the Copyright Act; (3) plaintiffs' ownership of the copyrights involved; and (4) defendants' public performance of the compositions. *Id.*

Along with their summary judgment motion, the plaintiffs have submitted several exhibits in an effort to establish the elements of their copyright infringement claims. The defendants, on the other hand, have not responded to the plaintiffs' motion. Therefore, the Court is left with only the plaintiffs' submissions and the defendants' answer to the initial complaint to view in order to determine if there is a genuine issue as to a material fact.

Upon review of the submissions, the Court believes that plaintiffs have established the elements necessary to establish a claim of copyright infringement in this case. The plaintiffs have presented copyright registration certificates which demonstrate compliance with the first three elements of *Almo Music*. *See* Affidavit of Anthony Perretti and Attached Copies of Copyright Registration Certificates. Also, the affidavits of David Martin and Christopher Mancuso prove that public performance of plaintiffs' copyrighted musical compositions took place at the defendants' establishment on February 5, 1988. Finally, it is unchallenged that the defendants were not licensed by ASCAP and did not have permission from the plaintiffs to perform their copyrighted musical compositions. *See* Affidavit of David Laurino, Defendants' Reply to Plaintiffs' First Set of In-

terrogatories, Request For Production of Documents, and Request For Admissions.

The Court believes the plaintiffs have proven that no genuine issue of material fact exists. Accordingly, based on the foregoing standards and a review of the record, the Court hereby GRANTS plaintiffs' motion for summary judgment.

### Remedies

#### 1. Injunction

■ The Court finds that the plaintiffs are entitled to a permanent injunction prohibiting defendant from unlawfully infringing their copyrights in the musical compositions that are the subject of this suit. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

It appears that the defendants are likely to continue their infringing activities unless restrained by this Court. A prior suit in this Court, 85–C–1068, did not deter the defendants' course of conduct. Further, the defendants have shown a blatant disregard for the ASCAP licensing procedures. *See* Plaintiffs' Brief, pp. 5–7.

#### 2. Damages

■ 17 U.S.C. § 504 deals with damages in a copyright infringement case. Section (a) provides, "Except as otherwise provided by this title, an infringer of a copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided as subsection (c)." Plaintiffs have opted for statutory damages. Section (c) provides in part:

> (c) Statutory Damages. (1) Except as provided in clause (2) of this subsection, a copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the ac-

tion, with respect to any one work, for which any one infringer is liable individually, in a sum of not less than $250 or more than $10,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work. (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $50,000....

Plaintiffs suggest that damages should be awarded in the amount of $2,500 per violation. Plaintiffs contend that an amount in excess of the statutory minimum should be awarded if defendants are to be deterred from violating the copyright laws in the future.

This is the second infringement action brought on behalf of ASCAP's members against these defendants. It appears to the Court that these defendants "sneer in the face of copyright owners and laws." *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383 (7th Cir.1988). Because the Court considers a violation of copyright laws a serious matter requiring deterrence, it will grant the plaintiffs $2,500 in damages for each of the defendants' seven violations. Hopefully, this penalty will deter future copyright violations by these defendants.

### 3. Costs and Attorneys' Fees

The Copyright Act provides that the Court in its discretion may award an attorneys' fee in a case such as this:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The Seventh Circuit Court of Appeals has affirmed awards of attorneys' fees in copyright infringement actions similar to this one. For example, in *Kowalczyk*, the Court of Appeals affirmed an award of counsel fees of $21,500, noting that a finding of "willfulness" is sufficient to support an award of attorneys' fees. 855 F.2d at 384. Based upon the fact that the defendants had previously been sued for copyright violations and ignored several subsequent ASCAP warnings regarding proper licensing, the Court believes the defendants were willful in their subsequent copyright violations. Accordingly, the Court will award the plaintiffs costs of this action, including a reasonable attorneys' fee. Plaintiffs shall submit their documented costs and attorneys' fees to the Court within 30 days of the dating of this order. Defendants will have 14 days to file a response to plaintiffs' proposed costs and fees.

SO ORDERED.