**VAN HALEN MUSIC, et al., Plaintiffs,**

v.

**Donald A. FOOS, Defendant.**

**No. CV 88–291–BLG–JFB.**

United States District Court,
D. Montana,
Billings Division.

Nov. 13, 1989.

John Grant, Jackson Law Firm, Helena, Mont., for plaintiffs.

Charles E. Snyder, Billings, Mont., for defendant.

## MEMORANDUM AND ORDER

BATTIN, Chief Judge.

On September 19, 1989, this Court entered an Order granting plaintiffs' Motion for Summary Judgment in the above numbered cause. The following memorandum sets forth the basis for that ruling.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs are the owners of copyrights in certain musical compositions, and seek damages, injunctive relief, attorney's fees and costs under 17 U.S.C. §§ 501, 502, 504 and 505 for defendant's alleged infringing performance of four of their copyrighted works. Defendant owns, controls, manages and operates Skateland Roller Rink in Billings, Montana. Defendant admits in his Answer to the complaint that the compositions in question here are properly copyrighted, that they were performed at Skateland and that he did not have a license agreement with the copyright owners or with the American Society of Composers, Authors and Publishers (ASCAP), which represents plaintiffs and others in licensing efforts. Instead, in defense of the claims against him, defendant alleges that he had no intent to infringe upon the copyrights, but that ASCAP refused to accept payment for a license unless he agreed to sign a licensing agreement, which he refused to do. Defendant further contends that ASCAP's conduct in tying acceptance of payments to the signing of a written license agreement is unlawful and has caused him emotional distress as well as interference in his business. He claims that he is entitled to recover damages from ASCAP for those injuries.

Plaintiffs' Motion for Summary Judgment has been submitted to the Court upon briefs without the need for oral argument. Having carefully considered the claims and defenses asserted, in light of the standards for grant or denial of summary judgment, the Court is now prepared to rule.

## DISCUSSION

Before commencing discussion of the substantive issues involved, the Court considers it appropriate to briefly review the standards applicable to this and other summary judgment motions. Summary judgment is properly granted under Rule 56(c) if the "pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987). The initial burden is upon the party seeking summary judgment, to inform the Court of the basis for its motion and identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once this is accomplished, the burden shifts to the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *Id.*

A nonmoving party may not rely upon the mere allegations of the pleadings to preclude summary judgment. *T.W. Electrical Service v. Pacific Electrical Contractors*, 809 F.2d 626, 630 (9th Cir.1987). "Instead, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *Id.* (citing Fed.R.Civ.P. 56(e) (emphasis added); *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.1986)). Further,

> A "material" fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

*Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

Turning to the facts of this case, it is undisputed that plaintiffs owned the copyrights in the musical compositions in question; that defendant, as owner, operator and manager of Skateland, was responsible for performance of the plaintiffs' compositions without permission on June 18, 1988; and that defendant did so without first obtaining a license from plaintiffs or their representative, ASCAP. As such, there was clearly an infringement of plaintiffs' copyrights under 17 U.S.C. § 501(a) and § 106(4), for which defendant may be held liable. *See Nick–O–Val Music Co. Inc. v. P.O.S. Radio, Inc.*, 656 F.Supp. 826, 828 (M.D.Fla.1987). The court will therefore focus its attention on the defenses asserted by defendant.

First, defendant asserts that he did not intend to infringe upon plaintiffs' copyrights. Instead, he did try to obtain a license from ASCAP on several occasions,

however ASCAP would not accept his payment of fees unless he agreed to sign a licensing agreement. Finding no legal authority for the requirement of a signed agreement, defendant refused to do so and thus was unable to obtain a license.

■■■■ Review of relevant case law persuades the Court that this first defense asserted by defendant is without merit. Intent or knowledge is not an element of infringement, and absence of intent is therefore not a defense to such an action. *See Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 807 F.2d 1110, 1113 (2nd Cir.1986) (citing *Samet & Wells, Inc. v. Shalom Toy Co.*, 429 F.Supp. 895, 904 (E.D.N.Y.1977), affirmed 578 F.2d 1369 (2d Cir.1978); *Costello Publishing Co. v. Rotelle*, 670 F.2d 1035, 1044 (D.C.Cir. 1981)); *Microsoft Corp. v. Very Competitive Computer Products Corp.*, 671 F.Supp. 1250 (N.D.Cal.1987); *Ford Motor Co. v. B & H Supply, Inc.*, 646 F.Supp. 975 (D.Minn.1986). Further, the undisputed facts of record, derived from defendant's own deposition and exhibits thereto, show that ASCAP consistently required both a signed agreement and payment of fees as prerequisites to the grant of a license. *See* Deposition of Donald A. Foos, pg. 37–39; 47–48. The fact that defendant did not wish to enter into such an agreement does not in any manner relieve him from liability for later infringement of the copyrighted works.

■■■■ Next, defendant relies upon ASCAP's conduct in refusing to issue him a license without a written license agreement, both as a defense against plaintiff's claims and as grounds for a purported third-party claim against ASCAP. Defendant argues that there is no law requiring him to enter into such an agreement, and that ASCAP's insistence upon such a requirement was unlawful. He further contends that material issues of fact exist concerning whether ASCAP was bound to issue a license upon tender by defendant of the agreed upon license fee and acted wrongfully in refusing to do so, precluding grant of summary judgment to plaintiff. Again, however, defendant would have this

Court ignore the fundamental fact that he did perform the copyrighted musical compositions in question without a license or other permission from plaintiffs or ASCAP. This conduct alone establishes his liability for infringement. Defendant directs the Court to absolutely no authority for the proposition that ASCAP's refusal to grant him a license on his own terms in any way relieves him of liability to plaintiff for that infringement. Nor has he set forth *facts* in the record establishing an agreement to grant a license upon payment of the license fee only. To the contrary, as previously noted, ASCAP has steadfastly required both payment of a fee *and* a signed license agreement prior to grant of a license to perform the compositions. Defendant is not entitled to unilaterally reject those portions of the agreement which he wishes to avoid and then argue that he is exonerated from liability to plaintiff because of AS-CAP's refusal to indulge his whims. *See e.g. Nick–O–Val,* 656 F.Supp at 828; *Hulex Music v. C.F. Maintenance & Property Mgt. Inc.,* 115 F.R.D. 303, 305 (D.Neb. 1987). Defendant has failed to meet his burden in opposing summary judgment, both factually and legally. Plaintiff's Motion for Summary Judgment will therefore be granted.

■ Plaintiff has elected to seek statutory damages under 17 U.S.C. § 504(a)(2), rather than actual damages under § 504(a)(1). In determining the amount of statutory damages to be awarded, courts have wide discretion to set damages within the statutory limits, *Harris v. Emus Records Corp.,* 734 F.2d 1329 (9th Cir. 1984), and should consider the willfulness of the defendant's conduct as well as the deterrent value of the sanction imposed. *International Korwin Corp. v. Kowalczyk,* 665 F.Supp. 652, affirmed 855 F.2d 375 (D.N.Ill.1987). In this case, the record shows that defendant has known since as early as 1986 that his unauthorized performance of the musical compositions would constitute a copyright violation. *See* Deposition of Donald A. Foos, pgs. 16–23 and Exhibits 1–8 thereto. His conduct in doing so, despite the absence of a license, cannot be characterized as anything but willful. *See Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co. Inc.,* 807 F.2d 1110 (2nd Cir.1986). The annual licensing fee for defendant was $240.00 during the time period in question. After consideration of the nature and duration of defendant's infringing conduct and the annual license amount, the Court finds that statutory damages in the amount of $500.00 per count, for a total of $2,000.00, is an appropriate amount in this case. That amount is above the statutory minimum and sufficiently higher than the fees which would have been due from defendant during the time period in question, to deter future infringing conduct. Defendant is warned, however, that future infringements will result in a significantly higher award.

■ Additionally, plaintiff is entitled to recover a reasonable attorney fee and full costs, as the prevailing party. 17 U.S.C. § 505. In the Ninth Circuit, determination of the amount of reasonable attorneys fees to be awarded is governed by the factors adopted in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975). The analysis begins with the calculation of a "lodestar" amount, which consists of a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987). That lodestar amount is then adjusted on the basis of the factors set forth in *Kerr. Kerr,* 526 F.2d at 70; *Jordan,* 815 F.2d at 1262, n. 4. A strong presumption exists that the lodestar figure represents a reasonable fee, *Jordan,* 815 F.2d at 1262 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986), and upward adjustments of the lodestar amount are only proper in "rare" or "exceptional" cases. *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 898–901, 104 S.Ct. 1541, 1548–50, 79 L.Ed.2d 891 (1984)).

With that framework in mind, the Court approaches the task of determining the reasonable amount of attorneys fees to which defendant is entitled. Plaintiff's counsel has submitted affidavits wherein he states

that 44 hours were expended on this case from filing of the complaint through submission of the motion for summary judgment. Considering the expertise which plaintiff's counsel has in this area, and the fact that his efforts are no doubt streamlined by this expertise and the use of research and materials drafted in other cases, the Court finds this amount of time to be excessive. The complaint herein is not complex, and appears to reflect use of a "form" pleading. Counsel appeared by telephone at the pretrial scheduling conference, and thus did not incur significant time in attendance. Defendant's deposition lasted only one and one-half hours on March 3, 1989. Including preparation for the deposition, drafting of the motion for summary judgment and related documents, and appearance for the final pretrial conference, the Court finds that 23 hours of work was reasonably expended on this case. Multiplying that amount by the reasonable hourly rate of $75.00 per hour leads to an award of reasonable attorneys fees in the amount of $1,725.00, plus full costs as allowed by statute. No adjustment of this amount is warranted based on other factors.

■ Finally, plaintiffs are entitled to injunctive relief prohibiting defendant from further performance of the copyrighted works until he has obtained a license to do so. 17 U.S.C. § 502; *Broadcast Music, Inc. v. Allis*, 667 F.Supp. 356 (S.D.Miss. 1986); *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F.Supp. 826 (M.D. Fla.1987); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F.Supp. 629 (D.N.H. 1986); *Broadcast Music, Inc. v. Niro's Palace*, 619 F.Supp. 958 (D.C.Ill.1985).

Based on the foregoing,

IT IS ORDERED that plaintiffs are awarded statutory damages in the amount of $500.00 per cause of action under 17 U.S.C. § 504(a)(2). Plaintiffs are also awarded reasonable attorneys fees in the amount of $1,725.00, plus full costs under 17 U.S.C. § 505.

IT IS FURTHER ORDERED that defendant and all persons under his direction, control or authority are hereby permanently restrained and enjoined from publicly performing the copyrighted musical compositions in question, or from directly or indirectly aiding or abetting in performance of the composition, until such time as he has obtained proper authorization to do so.