**BROADCAST MUSIC, INC.,
et al., Plaintiffs,**

**v.**

**WPBK, INC., d/b/a Fairport Village Inn and Wayne A. Beckwith, Defendants.**

**No. 94–CV–6408L.**

United States District Court,
W.D. New York.

April 22, 1996.

---

Ted H. Williams, Scolaro, Shulman, Cohen, Lawler & Burstein, Syracuse, NY, for plaintiffs.

David Van Varick, Van Varick and Wood, Pittsford, NY, for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

## BACKGROUND

Broadcast Music, Inc. ("BMI") and the copyright owners of the musical compositions involved in this case brought this action for copyright infringement against WPBK, Inc., doing business as Fairport Village Inn, and Wayne A. Beckwith.

The case is currently before this court on plaintiffs' motion for summary judgment. Plaintiffs contend that the corporate defendant is vicariously liable for the acts of infringement committed at its business establishment. Additionally, plaintiffs claim that Beckwith is individually liable because (1) he had the right and ability to supervise the infringing activity and (2) he had a direct financial interest in such activities.

For the reasons discussed, *infra*, plaintiffs' motion for summary judgment is granted in part, and denied in part.

## FACTS

The copyright owners of the musical compositions involved in the present case permit BMI to license their copyrighted works for public performance. BMI executes blanket license agreements allowing public use and performance of the body of copyrighted works that BMI has permission to license (BMI's "repertoire").

BMI claims that defendants publicly performed songs from BMI's repertoire without a license agreement. BMI contends that between November 1989 and April 1994, it informed defendants of the need to obtain permission for public performances of copyrighted music. BMI also contends that it offered to enter into a license agreement with defendants but that defendants neglected or refused to do so.

Plaintiffs maintain that on December 18–19, 1993 and again on March 26–27, 1994, a BMI investigator visited the Fairport Village Inn and concluded that BMI-licensed songs were being played at the establishment. In total, the investigator claimed that twenty-five songs from the BMI repertoire were performed during the days in question. (See Declaration, Robert Avino).

Defendants do not dispute that BMI-licensed songs were played at the Fairport Village Inn on the days in question. Defendants contend, however, that there is a juke box on the premises and that the juke box owner had a license with BMI which authorized BMI-licensed songs to be played publicly via the juke box.

Apparently, during late 1993 and early 1994, the Fairport Village Inn offered "karaoke" nights. During these events, recorded music was played through the same sound system utilized by the juke box. The karaoke nights occurred once a month for approximately four hours per night. It was

during these karaoke nights that the BMI investigator was present and heard the BMI-licensed songs being played.

Defendants claim that they did not believe that a second license, other than the license held by the juke box owner, was necessary for karaoke night because it involved the playing of recorded music through the same "sound system" as that utilized by the juke box.

Furthermore, according to defendants, Beckwith did negotiate with BMI for a licensing agreement, although at a rate lower than that originally requested by BMI. Beckwith claims that BMI sent him a licensing agreement and that he returned it with a handwritten notation indicating the fee that he was willing to pay. According to Beckwith, he never received a contract back from BMI nor was there any further negotiation between the parties. Rather, Beckwith was served with the instant complaint.

## DISCUSSION

### I. Standards on Summary Judgment

A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All ambiguities and inferences must be resolved in favor of the non-moving party and all doubts as to the existence of a genuine material issue for trial should be resolved against the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970).

If, when "[v]iewing the evidence produced in the light most favorable to the non-movant ... a rational trier could not find for the non-movant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir. 1991); *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991).

No genuine issue of material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party ..." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### II. Copyright Infringement

"In order to establish liability for infringement of copyright in musical compositions, a plaintiff must prove the following:

'(1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the compositions involved in this action; (4) that the compositions were performed publicly for profit [by the defendants]; and (5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.' "

*Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980), quoting *Shapiro Bernstein & Co. v. "The Log Cabin Club Association,"* 365 F.Supp. 325, 328 n. 4 (N.D.W.Va.1973).

Liability in this case is quite clear. As to the first three elements, plaintiffs have made out a prima facie case by submitting a declaration from Judith M. Saffer, Assistant General Counsel of BMI, setting forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. The declaration is supplemented with copies of the registration certificates from each of the twenty-five musical compositions at issue. Defendants have not produced any evidence to the contrary.

The uncontroverted declaration by Robert Avino establishes that the musical compositions at issue were performed publicly by the defendants on the dates alleged in the complaint. Thus, plaintiffs have established the fourth element.

The fifth element is established by the declaration of Lawrence Stevens, Assistant Vice–President of BMI. The declaration states that defendants did not enter into a license agreement with BMI nor were the performances otherwise authorized.

Defendants attempt to create a genuine issue of disputed fact regarding this fifth

element by contending that: (1) Beckwith did agree to enter into a licensing agreement with BMI and (2) Beckwith did not believe that he was required to enter into a licensing agreement separate from the one that the juke box owner had with BMI. Neither of these contentions, however, is sufficient to raise a genuine issue of material fact.

■ Beckwith maintains that he made a handwritten change on the licensing agreement that BMI sent him, indicating the reduced fee that he was willing to pay. According to Beckwith, after making the change, he mailed the contract back to BMI and waited for BMI to send him a new contract incorporating his change. However, there is no evidence whatsoever that BMI ever accepted or agreed to Beckwith's handwritten change. It is clear that the unilateral action by Beckwith did not bind BMI; without consent, no contract was created. Beckwith admits that he never received a revised contract and concedes that there was no further negotiation prior to commencement of this action. On these facts, there was no basis to believe that a license agreement had been obtained.

■ Furthermore, Beckwith's contention that he did not believe a license was needed for karaoke nights because of the pre-existing licensing agreement between the juke box owner and BMI is also without merit and does not defeat BMI's motion for summary judgment. Defendants do not claim that the licensed juke box was utilized during karaoke nights. The only basis for defendants' contention that an additional license was not needed is his assertion that the karaoke music was played through the same "sound system" as utilized by the juke box. Defendants acknowledge, however, that a separate "record machine" was rented and utilized to play the karaoke music. Furthermore, defendants do not contend that the owner of the karaoke machine was licensed to perform the songs played during karaoke. Thus, the fact that the juke box owner had a licensing agreement with BMI offers defendants no defense to BMI's claims of copyright infringement. Accepting defendants' argument would permit defendants to play, without a license, any type of recorded music, whether through a karaoke machine or by hiring a disc jockey, so long as they played the music through the same sound system which was utilized by a properly licensed machine. I find such an argument unconvincing, and defendants have failed to support their position with any case authority whatsoever. At best, defendants' contentions go to the issue of damages, specifically, whether the infringements were wilful or innocent, but not to the issue of liability.

Plaintiffs have established all of the necessary elements required in a copyright infringement claim. Therefore, the Court grants their motion for summary judgment on the issue of liability for copyright infringement of the twenty-five musical compositions listed in the declaration of Robert Avino.

### III. *Damages*

■ Plaintiffs move for an order permanently enjoining defendants from further acts of infringement. Plaintiffs' request for injunctive relief is granted pursuant to 17 U.S.C. § 502(a). Defendants are hereby enjoined from further infringement of those works.

BMI also requests statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $2,000 per violation. The statute allows recovery "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum of not less than $500 or more than $20,000 as the court considers just." 17 U.S.C. § 504(c)(1).[1] Within the range set forth in 504(c)(1), the court has discretion in granting an award of damages to a plaintiff.[2] *See F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952). "Among the

---

1. Where the infringement is committed wilfully, an award of statutory damages may be increased to $100,000 per work infringed. 17 U.S.C. § 504(c)(2).

2. An award of statutory damages can be reduced to a sum of not less than $200 "[i]n a case where

the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright ..." 17 U.S.C. § 504(c)(2).

factors to be considered in arriving at a determination of damages are the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind—whether wilful, knowing, or merely innocent." *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 914 (D.Conn.1980). See also *Nick–O–Val Music Co., Inc. v. P.O.S. Radio, Inc.,* 656 F.Supp. 826 (M.D.Fla.1987).

In light of the circumstances in the present case, I find that there is a genuine issue of material fact regarding whether the infringements were wilful, knowing, or merely innocent. Therefore, plaintiffs' motion for summary judgment is granted as to liability but denied as to damages. A hearing must be held to determine the appropriate damage award, unless the parties can agree on an appropriate amount.

Plaintiffs' motion for attorney fees and costs is also denied, at this time, without prejudice.[3]

### CONCLUSION

Plaintiffs' motion for summary judgment is hereby GRANTED only on the issue of defendants' liability for copyright infringement of the twenty-five musical compositions on the dates in question listed in the declaration of Robert Avino.

Defendants WPBK, Inc. and Wayne Beckwith and their agents, employees and all persons acting under their permission or authority shall be permanently enjoined from infringing the copyrighted musical compositions licensed by BMI.

The parties are directed to meet with the Court on **May 3, 1996 at 11:30 AM** for a trial date status conference to discuss the remaining issues and to schedule a trial to determine damages.

IT IS SO ORDERED.

---

**3.** 17 U.S.C. § 505 provides:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.