INTOWN ENTERPRISES, INC.

v.

Steven BARNES, d/b/a Quincy
Development Co.

No. 1:88–cv–1285.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 2, 1989.

**1264**

Office of Richard D. Ellenberg, Office of James S. Altman, Atlanta, Ga., for plaintiff.

Office of Michael V. Drew, Atlanta, Ga., for defendant.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled action alleging copyright infringement and various pendent state law causes of action is presently before the court on the parties' cross-motions for partial summary judgment.

Plaintiff Intown Enterprises, Inc. ("Intown") is a developer of single family housing. In 1987, Intown commissioned a series of architectural drawings from architect L. Ben Dooley ("Dooley") and obtained a copyright registration for the drawings in 1988. In late 1987, prior to the copyright registration, defendant Steven Barnes, d/b/a Quincy Development Co. ("Barnes") allegedly made several unauthorized copies of Intown's architectural drawings and subsequently used the copied drawings to construct and sell a house. Upon learning of Barnes' actions, Intown filed a multi-count complaint alleging copyright infringement (Count 1), misappropriation (Count 2), conversion (Count 3), intentional interference with business relations and unfair competition (Count 4), and seeking actual damages, punitive damages (Count 5), impoundment of the infringing articles (Count 6), and attorney's fees (Count 7).

Intown has now filed a motion for partial summary judgment on the copyright infringement claim (Count 1). Barnes responded to the motion alleging that issues of material fact preclude entry of summary judgment on the copyright infringement claim. Barnes has also moved for partial summary judgment on Counts 2, 3, 4, 5 and 7, alleging that these state law causes of

action and remedies are preempted by the Copyright Act. The court will address each of these motions in turn.

## I. THE COPYRIGHT INFRINGEMENT CLAIM

### A. *The Prima Facie Case*

In order to establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of (2) a valid copyright and (3) copying of the protected work by the defendant. *Donald Frederick Evans v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir.1986). A certificate of registration gives rise to a rebuttable presumption of copyright ownership. *See* 17 U.S.C. § 410(c); *Seiler v. Lucas Film, Ltd.*, 797 F.2d 1504, 1510 (9th Cir.1986), *modified*, 808 F.2d 1316 (9th Cir.1987); *Durham Industries v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.1980). Defendant Barnes concedes that he copied plaintiff's architectural drawings, but contests both plaintiff's ownership and the validity of the copyright.

The court has previously addressed in detail the legal standards relevant to a finding of copyright ownership under the work for hire and joint authorship doctrines. *Intown Enterprises, Inc. v. Barnes*, No. 1:88–cv–1285–GET (N.D.Ga., October 3, 1988) (denying defendant's motion to dismiss). Applying these standards, the court finds that the depositions of plaintiff's officers and the unrefuted affidavit of architect L. Ben Dooley establish that plaintiff exercised control over Dooley to such an extent that plaintiff should be considered the copyright owner under the work for hire doctrine. The court also finds that plaintiff has established copyright ownership under the joint authorship doctrine because the undisputed facts demonstrate that plaintiff supervised and participated in the creation of the architectural drawings. Accordingly, the court holds as a matter of law that plaintiff is the owner of the copyright at issue.

Barnes also seeks to challenge the presumption of validity arising from plaintiff's

copyright registration. Specifically, Barnes contends that there is an issue of material fact as to whether the architectural drawings at issue are sufficiently original to qualify for copyright protection because the drawings contain several elements taken from existing works. Barnes bases this contention on certain statements contained in the deposition testimony of plaintiff's president, Dennis McConnell. The McConnell deposition reveals that plaintiff incorporated into the plans at issue some elements from its own previous designs.

■ Barnes has cited no authority for the proposition that a party's adaptation of its own previous design as an element of a new design vitiates the protection afforded the new design under the Copyright Act. The Eleventh Circuit has previously rejected this argument. *See Donald Frederick Evans*, 785 F.2d at 903–04. Because Barnes has offered no other evidence in support of his challenge to the copyright's validity, the court concludes that there is no evidence in the record from which a rational trier of fact could find the presumption of validity rebutted. Accordingly, the court finds the copyright valid as a matter of law.

Therefore, for the reasons discussed above, the court concludes that plaintiff has established all the elements of a prima facie case of copyright infringement as a matter of law.

B. *Innocent Infringement*

As an alternative argument, Barnes contends that he is entitled to the protection afforded an innocent copyright infringer by 17 U.S.C. § 405, which provides in pertinent part:

> Any person who innocently infringes a copyright, in reliance upon an authorized copy ... from which the copyright notice has been omitted, incurs no liability ... for any infringing acts committed before receiving actual notice that registration for the work has been made, ... if such person proves that he or she was misled by the omission of notice.

17 U.S.C. § 405(b). Barnes alleges that he was misled into believing that he was free to copy and use plaintiff's plans because no notice of copyright was affixed to the plans he copied and that, therefore, any infringement of plaintiff's copyright was innocent within the meaning of section 405(b).

In addressing this argument, the court must first determine whether notice of copyright was required in this case. The omission of notice provisions of section 405 apply only if notice of copyright is required by sections 401–403. 17 U.S.C. § 405. For purposes of this action, the relevant notice provision is given in section 401:

> Whenever a work protected under this title is published in the United States or elsewhere by authority of the copyright owner, a notice of copyright as provided by this section shall be placed on all publicly distributed copies from which the work can be visually perceived....

17 U.S.C. § 401(a).

Plaintiff contends that no notice of copyright was required on the architectural drawings at issue in this case because the drawings were not published. The Copyright Act defines "publication" as

> the distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies ... to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication.

17 U.S.C. § 101. This definition does not encompass "limited" publications. *Williams v. Arndt*, 626 F.Supp. 571, 578 (D.Mass.1985); 1 *Nimmer on Copyright*, § 4.13[B]. A limited publication is "a publication 'which communicates the contents of a [work] to a definitely selected group and for a limited purpose, without the right of diffusion, reproduction, distribution or sale.'" 1 *Nimmer on Copyright*, § 4.13[A] (citations omitted).

The only evidence of distribution contained in the record indicates that plaintiff distributed copies of the drawings to its subcontractors for bidding purposes. Be-

cause plaintiff has constructed several houses utilizing the plans, the court will also assume that copies of the plans were filed with the appropriate governmental authorities for purposes of obtaining the required building permits. The unrefuted affidavit of plaintiff's president states that no further distribution to the general public was made or authorized.

The weight of authority holds that neither the filing of architectural plans with permitting authorities nor distributing such plans to subcontractors for bidding purposes constitutes publication under the Copyright Act. *See Nucor Corp. v. Tennessee Forging Steel Service, Inc.*, 476 F.2d 386, 390–91 (8th Cir.1973); *Aitken, Hazen, Hoffman, Miller, P.C. v. Empire Construction Co.*, 542 F.Supp. 252, 268 (D.Neb.1982). *See generally* 1 *Nimmer on Copyright*, § 413[B]. Similarly, plaintiff's construction of a building using the plans did not constitute publication. *Donald Frederick Evans*, 785 F.2d at 901 n. 7.

■ Therefore, the court concludes that no notice of copyright was required because there was no general publication of plaintiff's architectural plans. In light of this finding, the omission of notice provisions of section 405 are inapplicable and Barnes may not be shielded from liability based on the innocent infringement provision.

In light of the findings that plaintiff has established a prima facie case of copyright infringement and that defendant is not entitled to innocent infringer status, the court holds that plaintiff is entitled to summary judgment as to liability on the copyright infringement claim.

## C.  *Damages*

Plaintiff seeks to recover actual damages pursuant to 17 U.S.C. § 504(b), which provides in pertinent part:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.

Plaintiff concedes that it is not entitled to statutory damages or attorney's fees under the Copyright Act because the infringement occurred prior to the copyright registration. *See* 17 U.S.C. §§ 412, 504(c), 505.

Barnes argues that the measure of plaintiff's actual damages is limited by the doctrine of *Baker v. Selden*, 101 U.S. (11 Otto) 99, 25 L.Ed. 841 (1879). That seminal case drew a distinction between the particular *explanation* contained in a work, protectible by copyright, and the *use* of the work, protectible only by patent. *See Demetriades v. Kaufmann*, 680 F.Supp. 658, 663 (S.D.N.Y.1988). A literal application of *Baker* to architectural plans would merely prohibit unauthorized copying of the plans themselves, but would not prohibit the infringer from using the copied plans to construct other buildings. *See Robert R. Jones, Associates v. Nino Homes*, 858 F.2d 274, 279 (6th Cir.1988).

Barnes urges the court to read *Baker* narrowly, thus limiting plaintiff's recoverable damages to the value of the architectural plans themselves and excluding from the damage award any damages caused by the use of the plans to construct a house. The court finds that such a reading of *Baker* would frustrate the intent of the Copyright Act to provide protection for architectural plans. Architectural plans "by their very nature may be copied only for purposes of use and not for purposes of explanation, so that to deny liability by reason of copying is in effect even if not in theory to deny copyrightability to the work." 1 *Nimmer on Copyright*, § 2.18[C][1]; *Jones*, 858 F.2d at 279 n. 3. The court finds that the Sixth Circuit's holding in *Jones* strikes the proper balance between *Baker's* concern that copyrights not be extended into patents and the clear intent of the Copyright Act to "afford the kind of protection necessary to give architects adequate incentive to create new architectural designs." *Jones*, 858 F.2d at 279.

■ The court, therefore, adopts the Sixth Circuit's holding as follows:

> [O]ne may construct a house which is identical to a house depicted in copyright-

ed architectural plans, but one may not directly copy those plans and then use the infringing copy to construct the house. As a logical extension of this rule, we hold that, where someone makes infringing copies of another's copyrighted architectural plans, the damages recoverable by the copyright owner include the losses suffered as a result of the infringer's subsequent use of the infringing copies.

*Jones,* 858 F.2d at 280. Accordingly, the measure of the damages recoverable in this case includes "the profits [plaintiff] would have made on houses it would have sold but for [defendant's] unauthorized duplication of [plaintiff's] plans and [defendant's] use of its infringing copies to build its ... houses," *Jones,* 858 F.2d at 281, as well as "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b).

■ Perhaps owing to the parties' disagreement as to the proper reach of the *Baker* doctrine, the record in this case as to damages has not been well-developed. As a result, there are disputed issues of material fact as to whether Barnes' infringement resulted in any lost sales to plaintiff, as well as a dispute regarding the amounts of the profits allegedly lost by plaintiff and earned by defendant. These issues of material fact preclude summary judgment as to damages.

## II. STATE LAW CLAIMS

In light of the court's holding that defendant's copying of plaintiff's architectural plans, as well as defendant's subsequent use of the plans to build a house are compensable under the Copyright Act, plaintiff concedes that its pendent state law claims for misappropriation (Count 2), conversion (Count 3), and intentional interference with business relations (Count 4(a)) are preempted.

■ Because plaintiff's unfair competition claim (Count 4(b)) alleges that the marketing of the house Barnes built from the infringed plans was likely to confuse potential buyers as to whether plaintiff built the house, the court finds that the unfair competition claim is not preempted. *See Donald Frederick Evans,* 785 F.2d at 914; *B.H. Bunn Co. v. AAA Replacement Parts Co.,* 451 F.2d 1254, 1263 (5th Cir. 1971) (unfair competition claim goes to marketing, not copying).

## III. PUNITIVE DAMAGES AND ATTORNEY'S FEES

■ Plaintiff also concedes that punitive damages (Count 5) are not available under the Copyright Act. The court finds, however, that punitive damages are available under the surviving state law claim for unfair competition. O.C.G.A. §§ 10-1-373(c), 51-12-5 (1982).

■ As discussed above, plaintiff is not entitled to recover attorney's fees (Count 7) under the Copyright Act. 17 U.S.C. §§ 412, 505. Costs and attorney's fees are available, however, under the surviving state law claim for unfair competition. O.C.G.A. § 10-1-373 (1982).

## CONCLUSION

For the reasons discussed herein, the court rules as follows:

(1) Plaintiff's motion for partial summary judgment as to the copyright infringement claim (Count 1) is GRANTED as to liability and DENIED as to damages;

(2) Defendant's motion for partial summary judgment on grounds of preemption is GRANTED as to the state law claims for misappropriation (Count 2), conversion (Count 3), and intentional interference with business relations (Count 4(a)), and DENIED as to the state law claim of unfair competition (Count 4(b));

(3) Defendant's motion for partial summary judgment as to punitive damages (Count 5) is GRANTED as to the copyright infringement claim (Count 1) and DENIED as to the unfair competition claim (Count 4(b)); and

(4) Defendant's motion for partial summary judgment as to attorney's fees (Count 7) is GRANTED as to the copyright infringement claim (Count 1) and DENIED

as to the unfair competition claim (Count 4(b)).

SO ORDERED.