DIVE N' SURF, INC., Gold's
Gym Enterprises, Inc., &
Others, Plaintiffs,

v.

Richard ANSELOWITZ d/b/a Promo
Graphics, Inc., Robin Kratzer d/b/a Pro-
mo Graphics, Inc., & Promo Graphics,
Inc., Defendants.

No. 92–0992–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 17, 1993.

Thomas Bennett Dewolf, Michael W.O. Holihan, Dewolf, Ward, O'Donnell & Hoofman, P.A., Orlando, FL, for plaintiffs.

Bernard D. Sommers, Law Office of Bernard D. Sommers, Maitland, FL, for defendants.

## ORDER

G. KENDALL SHARP, District Judge.

In their complaint, Dive N' Surf, Inc., Gold's Gym Enterprises, Inc., Fox, Inc., Twentieth Century Fox Film Corp. d/b/a in part as Twentieth Century Fox Licensing and Merchandising Corp., Walt Disney Co., Warner Bros., Inc., and D.C. Comics, Inc. (plaintiffs) allege that Richard Anselowitz, Robin Kratzer, and Promo Graphics, Inc. unlawfully infringed on plaintiffs' copyrights and trademarks. Plaintiffs' four-count complaint asserts causes of action for (1) copyright infringement; (2) trademark infringement; (3) false designation of origin; and (4) unfair competition under Florida common law. Fox, Inc., Twentieth Century Fox Film Corp., Walt Disney Co., Warner Bros., Inc., and D.C. Comics, Inc. (copyright plaintiffs) are the only plaintiffs alleging copyright infringement. Dive N' Surf, Inc., Gold's Gym Enterprises, Inc., and D.C. Comics, Inc. (trademark plaintiffs) are the only plaintiffs alleging trademark infringement claim. All plaintiffs allege false designation of origin and unfair competition. Plaintiffs seek permanent injunctive relief, monetary damages, and attorney's fees and costs, to compensate for losses incurred because of the alleged infringements. Plaintiffs filed a motion for partial summary judgment on the copyright and trademark infringement claims. The court entered a default judgment against Promo Graphics, Inc. and plaintiffs voluntarily dismissed Robin Kratzer. Therefore, only Richard Anselowitz (defendant) filed a memorandum in opposition to plaintiffs' motion for summary judgment. Based on the case file and relevant law, the court finds that plaintiffs are entitled to partial summary judgment on their copyright and trademark infringement claims.

### I. Facts

Defendant operates a business known as Promo Graphics, Inc. (Promo Graphics), which creates designs and prints them on t-shirts. Plaintiffs allege that through Promo Graphics, defendant unlawfully duplicated plaintiffs' federally protected designs and subsequently sold t-shirts and other items bearing the designs to the public. The Sheriff of Seminole County Florida (Sheriff) in-

formed plaintiffs that he had received a tip that defendant was manufacturing and selling counterfeit copies of plaintiffs' property. The tip came from a private investigator employed by copyright and trademark owners, other than plaintiffs, who suspected that Promo Graphics was infringing on their rights. After the private investigator witnessed defendant selling counterfeit merchandise, the investigator contacted the Sheriff to obtain a search and seizure warrant for the Promo Graphics premises. A deputy sheriff executed the warrant and seized numerous items which confirmed that defendant was selling counterfeit merchandise. The State of Florida brought criminal charges against defendant, who pleaded "no contest" to a theft charge. Further, in individual affidavits, three former employees of Promo Graphics state that defendant ordered his employees to recreate plaintiffs' copyrighted or trademarked properties in large quantities.

## II. Conclusions of Law

### A. Defendant's Challenge to Affidavits

■ Although defendant does not challenge the content of the Promo Graphics employees' affidavits, defendant maintains that the affidavits create a disputed issue of material fact and that the court should strike the affidavits because plaintiffs' counsel allegedly committed a procedural error. Plaintiffs' counsel obtained samples of the allegedly counterfeit designs and showed them to the former employees for verification purposes during the employees' depositions. Defendant contends that plaintiffs' counsel improperly obtained the samples in violation of state and federal law, which purportedly requires a court order before evidence seized pursuant to a search warrant is released for discovery. 15 U.S.C. § 1116; Fla.Stat.Ann. § 705.105. However, neither statute supports defendant's proposition. Section 705.-105 does not apply to plaintiffs' action because counsel only used the evidence samples for verification purposes and did not challenge legal title to the evidence. *See* Fla. Stat.Ann. § 705.105 (concerning legal title and disposition of evidence in court custody). Likewise, 15 U.S.C. § 1116 does not apply to plaintiffs' action because plaintiffs filed a claim pursuant to 15 U.S.C. § 1114(1)(b), not § 1114(1)(a). *See* 15 U.S.C. § 1116 (requiring a court order only when an action is filed pursuant to 15 U.S.C. § 1114(1)(a)). Because defendant fails to show a procedural error, the court denies defendant's request to strike the affidavits.

### B. Plaintiffs' Motion for Summary Judgment

#### 1. Standard for Summary Judgment.

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Material facts are facts that might affect the outcome of the case under the applicable substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

The moving party bears the initial burden of proving that no genuine issue of material fact exists and the moving party may rely solely on his pleadings to satisfy this burden. *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To defeat summary judgment, the non-moving party who does not bear the burden of proof at trial must submit sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. If the evidence offered by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50, 106 S.Ct. at 2511. Further, summary judgment is mandated against a party who fails to prove an essential element of his case, on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

#### 2. Copyright Infringement.

■ To prevail on a claim for copyright infringement, plaintiffs must prove (1) ownership of; (2) a valid copyright; and (3) that

defendant copied the protected work. *See Evans v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir.1986). Copyright plaintiffs' copyright registration certificates constitute prima facie evidence of the copyright ownership and validity of each design to which plaintiffs claim exclusive rights. 17 U.S.C. § 410(c); *accord Quartet Music v. Kissimmee Broadcasting, Inc.*, 795 F.Supp. 1100, 1102 (M.D.Fla.1992); *Intown Enter., Inc. v. Barnes*, 721 F.Supp. 1263, 1264 (N.D.Ga.1989). Furthermore, the employee affidavits provide undisputed evidence that defendant ordered his employees to recreate plaintiffs' designs in large quantities. Although plaintiffs must show that defendant participated in the alleged copyright infringement, plaintiffs do not have to prove that defendant personally duplicated plaintiffs' designs. *See Screen Gems–Columbia Music, Inc. v. Metlis and Lebow Corp.*, 453 F.2d 552, 554 (2d Cir.1972) (holding that "copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable"); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir.1963) (holding that the agency rule of respondeat superior applies to copyright infringement that an employee performed at the direction of the employer). Accordingly, the court finds no disputed issues of material fact concerning defendant's infringing activities and that copyright plaintiffs proved each element of a copyright infringement claim, which entitles copyright plaintiffs to summary judgment on Count I. *See* Fed.R.Civ.P. 56(c); *accord Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

### 3. Trademark Infringement.

To prevail on a trademark infringement claim pursuant to 15 U.S.C. § 1114(1)(b), trademark plaintiffs must prove that (1) defendant did not have plaintiffs' consent; (2) to duplicate plaintiffs' registered marks; (3) in connection with a sale of articles bearing those marks; and (4) that the duplication was likely to cause confusion, mistake, or deception among the public. *See* 15 U.S.C. § 1114(1)(b).

In his deposition, defendant admits that trademark plaintiffs never granted defendant or Promo Graphics permission to produce or otherwise duplicate plaintiffs' respective trademarks. Thus, the undisputed facts show that any duplication by defendant of trademark plaintiffs' designs was without consent.

■■ To prove the second and third elements, plaintiffs submit the unrefuted affidavits of three former employees of Promo Graphics which establish that defendant ordered his employees to duplicate plaintiffs' protected logos so that defendant could apply the logos to various articles, principally t-shirts, and sell the articles to the public as if the logos were genuine. Trademark infringement is a tort and any member of the distribution chain is liable as a joint tortfeasor. *See, e.g., Costello Publishing Co. v. Rotelle*, 670 F.2d 1035, 1043 (D.C.Cir.1981). Therefore, defendant incurred liability for copying the designs when he ordered his employees to copy trademark plaintiffs' designs. Further, trademark plaintiffs submit the unrefuted affidavit of the private investigator who originally exposed defendant's alleged infringing activities. The investigator states that he witnessed defendant selling counterfeit t-shirts and other articles at a flea market and at the Promo Graphics shop. Thus, defendant duplicated trademark plaintiffs' designs in connection with the sale of the items.

■ As to the fourth element, because the counterfeit symbols and the genuine symbols are substantially similar as to both design and use and because defendant sold the counterfeit symbols to the public, the court presumes that defendant's counterfeit items caused public confusion in the marketplace. *See Polo Fashions v. Croftex, Inc.*, 816 F.2d 145, 148 (4th Cir.1987) (holding that a presumption of public confusion arises when counterfeit symbols are substantially identical to genuine symbols and are used in the same manner as the genuine symbols are used). Accordingly, trademark plaintiffs are entitled to summary judgment on their infringement claim because no genuine issue of material fact exist and because they prove each element of a valid claim for trademark infringement. *See* Fed.R.Civ.P. 56(c); *ac-*

*cord Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

## C. *Relief*

Plaintiffs seek permanent injunctive relief, monetary damages, and attorney's fees and costs. Defendant does not oppose plaintiffs' demands.

### 1. *Permanent Injunctions.*

▮ As to copyright plaintiffs' claim, 17 U.S.C. § 502 authorizes permanent injunctive relief to prevent further infringement of their rights. *Accord Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir.), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1984); *see NICK–O–VAL Music Co. v. P.O.S. Radio, Inc.*, 656 F.Supp. 826, 828 (M.D.Fla.1987). Accordingly, because plaintiffs proved that defendant infringed on their copyrights, the court permanently enjoins defendant from any further copyright infringement. *See NICK–O–VAL*, 656 F.Supp. at 828 (granting permanent injunctive relief without evidence of a substantial likelihood of future infringement).

▮ Trademark plaintiffs similarly seek a permanent injunction restraining defendant from any further trademark infringement. To obtain a permanent injunction, trademark plaintiffs must prove that (1) the marks plaintiffs seek to protect are eligible for protection; (2) plaintiffs are senior users of the marks; (3) a likelihood of confusion between plaintiffs' marks and defendant's marks exists; and (4) the likelihood of confusion will actually cause irreparable injury for which there is no adequate legal remedy. *Union Nat'l Bank of Tex., Austin, Tex. v. Union Nat'l Bank of Tex., Laredo, Tex.*, 909 F.2d 839, 844 (5th Cir.1990).

Plaintiffs' trademark registration certificates that name plaintiffs as principal registrants with no assignees establish that plaintiffs' marks are protected and that plaintiffs are senior users. *See* 15 U.S.C. § 1057(b) (providing that the certificates are prima facie evidence of trademark validity and plaintiffs' rights). The substantial similarity between plaintiffs' protected marks and the marks that defendant manufactured triggers

a legal presumption of confusion between the two marks. *See Polo Fashions*, 816 F.2d at 148. Defendant does not dispute plaintiffs' claim that trademark infringement per se causes irreparable harm for which no judicial decree adequately compensates a plaintiff injured by infringement. Accordingly, the court permanently enjoins defendant from infringing on plaintiffs' trademarks in the future. *Tally–Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989).

### 2. *Monetary Damages.*

▮ Copyright plaintiffs elect to receive statutory damages and seek the maximum allowable statutory damages of $20,000 per infringement and an additional $5,000 per infringement because defendant's actions were allegedly willful. 17 U.S.C. § 504(c)(1); 17 U.S.C. § 504(c)(2) (providing that statutory damage awards may range from $500–$20,000 for each mark counterfeited and the court may increase the award up to $100,000 per infringement if plaintiff proves that defendant willfully infringed on the copyrights). To determine the appropriate level of statutory damages, the court should generally consider the expenses defendant saved and profits defendant reaped in connection with the infringements, the revenues plaintiffs lost as a result of defendant's conduct, and defendant's state of mind—whether willful, knowing, or merely innocent. *N.A.S. Import Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir.1992). However, the measure of damage to copyright plaintiffs is incapable of exact proof because defendant consistently invoked the Fifth Amendment when asked, in his deposition, about the volume of and profits from his infringing activities. Accordingly, the court finds that copyright plaintiffs are entitled to the maximum statutory damages without exact proof of the measure of damages. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952) (holding that statutory damages should not merely compel restitution of profit and reparation for injury, but should also discourage wrongful conduct). In addition, the court grants copyright plaintiffs' request for an additional $5,000 per infringement because the affidavits of the

former Promo Graphics employees establish that defendant's infringement was willful. *See* 17 U.S.C. § 504(c)(2) (1988 & Supp.1993).

■ Trademark plaintiffs seek monetary damages amounting to $11,000 and request that the court allow treble damages. *See* 15 U.S.C. § 1117(b) (providing that the court, in its discretion, may award up to three times actual damages). District courts have broad discretion in trademark infringement cases to award any monetary relief necessary to serve the interests of justice, including defendant's profits, plaintiff's damages, and litigation costs. 15 U.S.C. § 1117(a) (1988); *Shell Oil, Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir.1991); *Ramada Inns, Inc. v. Gadsen Motel, Co.*, 804 F.2d 1562, 1564 (11th Cir.1986). The court's discretion is especially important in the instant case because defendant's actual profits from the trademark infringement and trademark plaintiffs' actual costs from the infringement are incapable of computation because defendant consistently invoked the Fifth Amendment when questioned about his profits from the counterfeiting venture.

Based on the number of heat transfers that the Sheriff seized and the sale price of defendant's transfers, trademark plaintiffs request damages as follows:

D.C. Comics, Inc.—9000 (actual) transfers × $1.00 = $9,000

Dive N' Surf, Inc.—1000 (estimate) transfers × $1.00 = $1,000 and

Gold's Gym, Enter.—1000 (estimate) transfers × $1.00 = $1,000.

Because the damage approximations that trademark plaintiffs supplied are the only measure of their injury from defendant's infringement and because defendant does not challenge plaintiffs' estimates, the court finds that using those estimates to fashion monetary relief is "just and reasonable" to compensate trademark plaintiffs for their loss and also to deter future infringement. *See Conopco, Inc. v. May Dep't Stores Co.*, 784 F.Supp. 648, 680 (E.D.Mo.1992) (citing *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264, 66 S.Ct. 574, 579, 90 L.Ed. 652 (1946), (which held that in trademark infringement cases in which the nature of the injury precludes exact computation of damages, the trademark owner may recover damages based on just and reasonable inferences, which provide only an approximation of the damages); *accord F.W. Woolworth Co.*, 344 U.S. at 233, 73 S.Ct. at 225.

3. *Attorney Fees.*

■ Copyright plaintiffs request that the court award them reasonable attorney's fees and costs. Because copyright plaintiffs are the prevailing party, the court finds that plaintiffs are entitled to full costs of the litigation, including a reasonable attorney's fee, as pertains to Count I of the complaint. 17 U.S.C. § 505 (1988 & Supp.1993); *Accord Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir.1990). Similarly, trademark plaintiffs are entitled to full costs of the litigation, including a reasonable attorney's fee, as pertains to Count II of the complaint because the affidavits of the former Promo Graphics employees establish that defendant's infringement was malicious, fraudulent, deliberate and wilful. 15 U.S.C. § 1117(a); *accord Dieter v. B & H Indus.*, 880 F.2d 322, 329 (11th Cir.1989), *cert denied*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 332 (1990) (holding that a trademark infringement case is "exceptional" and justifies the award of reasonable a attorney's fee if defendants infringement was malicious, fraudulent, deliberate, and wilful).

## III. Conclusion

The court finds that the undisputed facts as well as the reasonable inferences drawn from the facts fail to create a genuine issue of fact requiring trial. Further, the court concludes that plaintiffs proved each element of their respective claims for copyright and trademark infringement. Therefore, the court GRANTS plaintiffs' motion for partial summary judgment on Counts I and II of the complaint. (Doc. 21.) Accordingly, the court permanently enjoins defendant from further infringement of plaintiffs' copyrights or trademarks and finds defendant liable for monetary damages in the amount of $250,000 for copyright infringement and $33,000 for trademark infringement. Further, the court finds defendant liable for costs of this litigation, including reasonable attorney's fees,

and therefore, plaintiffs shall submit a motion for the award of attorney's fees pursuant to Local Rule 4.18. Because the relief the court grants pursuant to Counts I and II of the complaint encompasses all relief requested in plaintiffs' prayer for relief, the court DISMISSES as moot Counts III and IV of the complaint.

It is **SO ORDERED.**