**PLAYBOY ENTERPRISES, INC., Plaintiff,**

v.

**STARWARE PUBLISHING CORP., and D. Andrew Kasanicky, Defendants.**

**Civ. A. No. 94–6475–CIV.**

United States District Court, S.D. Florida.

May 8, 1995.

Harvey W. Gurland, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, P.A., Miami, FL, John D. Vandenberg, David P. Petersen, Joseph T. Jakubek, Klarquist, Sparkman, Campbell, Leigh & Whinston, Portland, OR, for plaintiff.

Barry L. Haley, Malin, Haley, McHale, DiMaggio & Crosby, P.A., Fort Lauderdale, FL, for Starware Publishing Corp. and D. Andrew Kasanicky.

## ORDER GRANTING PLAYBOY ENTERPRISES, INC.'S **FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT (COPYRIGHT INFRINGEMENT)**

RYSKAMP, District Judge.

## I. *INTRODUCTION*

The cause is before this Court on Plaintiff's, Playboy Enterprises, Inc. ("PEI"), Motion under Fed.R.Civ.P. 56 for partial summary judgment of liability for copyright infringement against Defendant Starware Publishing Corp ("Starware"). PEI's Motion was filed on November 2, 1994. Defendant Starware filed its opposition on November 18, 1994, to which PEI filed a reply on November 29, 1994. Oral argument on PEI's Motion was held before this Court on December 20, 1994.

By its Motion, PEI requests that the Court grant partial summary judgment that Starware's distribution of its CD–ROM disk entitled "Private Pictures I" infringed PEI's copyrights protected by fifty-three (53) copyright registrations.[1] The copyright registrations at issue are identified as Nos. 1–39 and 41–54 in Exhibit A to PEI's Verified Complaint, filed May 26, 1994, and true copies thereof are attached as Exhibits B1–B39 and B41–B54 to PEI's Verified Complaint. Specifically, PEI asserts that images contained on the "Private Pictures I" CD–ROM disk, as

---

1. At oral argument, PEI dropped a 54th registration from its Motion. Accordingly, any reference to PEI's copyrighted works and registrations in general include only the works at issue.

reproduced in Exhibits D1–D39 and D41–D54 to PEI's Verified Complaint, respectively infringe PEI's above-identified copyright registrations.

## II. *FACTUAL BACKGROUND*

PEI submitted a Local Rule 7.5 Concise Statement of Undisputed Facts in support of its Motion. Those facts are essentially set forth below. Starware does not controvert most of the undisputed facts set forth in PEI's Local Rule 7.5 statement, except in a few limited instances as noted herein. ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement." S.D.Fla.Local Rule 7.5.) Rather, Starware relies only on its assertions that PEI may not be the owner of certain underlying material to some of its copyrighted works at issue, and that the works are not copyrightable. As discussed below, the Court finds no merit to these arguments.

PEI has secured copyright registrations for the PEI publications listed in Column I of Exhibit A to PEI's Verified Complaint. True and correct copies of the registrations for the PEI publications listed in Column I of Exhibit A are attached as Exhibit B to the Verified Complaint. (Verified Complaint ¶¶ 11–16).[2] Each copyright registration was registered before or within five years after first publication of the respective work, pursuant to 17 U.S.C. § 410(c). The copyrights to the PEI publications at issue and identified in Column I of Exhibit A are valid and subsisting and in full force and effect. (17 U.S.C. § 410(c); Verified Complaint ¶ 16).

PEI's photographs identified in Column II of Exhibit A were published in the corresponding publications listed in Column I of Exhibit A. (Verified Complaint ¶ 14). Copies of PEI's photographs identified in Column II of Exhibit A along with the cover page and copyright notice page from the corresponding PEI publication listed in Column I of Exhibit A, are attached as Exhibit C to PEI's Verified Complaint. (Verified

Complaint ¶ 38). The photographs identified in Column II of Exhibit A and shown in Exhibit C are covered by the copyrights of the corresponding publications listed in Column I of Exhibit A. (Verified Complaint ¶ 14). The publications listed in Column I of Exhibit A have been widely sold throughout the United States, including Florida. (Verified Complaint ¶¶ 11 and 41; and Starware's Answer, filed July 1, 1994, at ¶ 41).

Photographs can be "digitized" and later displayed on monitors connected to properly equipped computers. Such digitized photographs can be collected on "CD ROMs," each photograph being stored as a separate "graphic interchange format" file or "GIF file." Defendant Starware has distributed and sold in the U.S. a CD–ROM disk entitled "Private Pictures I." The "Private Pictures I" disk contains the images shown (as displayed on a computer monitor) in Exhibit D to the Verified Complaint. (Verified Complaint ¶ 38; and Affidavit of Andrew N. Tesnakis, ¶ 4, filed concurrently with PEI's Motion on November 2, 1994 (hereinafter "Tesnakis Affidavit")). Each image shown in Exhibits D–1 through D–54 is "digitized" and contained in a GIF file on the "Private Pictures I" disk. (Verified Complaint ¶ 38; and Tesnakis Affidavit, ¶ 4). Anyone with a properly equipped computer can display those GIF's on a computer monitor as a high quality, computerized reproduction of an actual photographic image. (Verified Complaint ¶ 29; Answer ¶ 29; and Tesnakis Affidavit, ¶ 4). Starware admitted and does not deny that it has distributed and/or sold approximately 9,611 copies of the "Private Pictures I" disk.

The Exhibits to PEI's Verified Complaint allow the Court to confirm that all of the accused images on "Private Pictures I" are in fact copies of the corresponding PEI photographs at issue. Each accused image of Exhibit D is substantially and strikingly similar, if not virtually identical, to the corresponding PEI photograph of Exhibit C. (Verified Complaint ¶ 38). Indeed, Starware does not dispute that the accused images are

---

**2.** All references to Exhibits refer to the Exhibits attached to PEI's Verified Complaint unless oth-

erwise indicated.

strikingly similar to PEI's subject photographs. Nor does Starware suggests that the ultimate source for its accused images was anything other than PEI's copyrighted photographs. Starware did not request nor obtain PEI's permission, either explicitly or impliedly, to put "digitized" copies of PEI's copyrighted photographs on the "Private Pictures I" disk. (Verified Complaint ¶¶ 49–50).

## III. *STANDARDS FOR SUMMARY JUDGMENT*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. If a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," establish that there is a genuine issue of material fact for trial. *Id.* at 324, 106 S.Ct. at 2553. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

## IV. *COPYRIGHT INFRINGEMENT*

To prevail on a claim for copyright infringement, a claimant must prove its ownership of the asserted copyrights and Defendant's "copying" of the original or a "copy" of the copyrighted work. *Southern Bell Tel. & Tel. v. Assoc. Telephone Directory Publishers*, 756 F.2d 801, 810 (11th Cir.1985); *Evans v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir.1986). The copyright owner need *not* prove any knowledge or intent on the part of the Defendant to establish liability for copyright infringement. *See, e.g., Playboy Enterprises, Inc. v. Frena*, 839 F.Supp. 1552, 1559 (M.D.Fla.1993) ("Intent or knowledge is not an element of infringement ...").

As to the ownership of the copyrights, the United States Copyright Office has issued PEI registration certificates for each of the 53 PEI publications at issue. (PEI's Verified Complaint ¶¶ 13–14, and copies of the registrations attached thereto as Exhibit B.) Those copyright registrations are *prima facie* evidence of the validity of the copyrights and the facts stated in the certificates, including ownership. 17 U.S.C. § 410(c); *Dive N' Surf, Inc. v. Anselowitz*, 834 F.Supp. 379, 382 (M.D.Fla.1993); *Quartet Music v. Kissimmee Broadcasting, Inc.*, 795 F.Supp. 1100, 1102 (M.D.Fla.1992). This presumption shifts the burden to the Defendant to disprove the validity of any of the certificates of registration, or of any of the facts recited therein. *See* 17 U.S.C. § 410(c); *Playboy Enterprises*, 839 F.Supp. at 1556; 3 M. Nimmer & D. Nimmer, *Nimmer on Copyrights* § 13.01[A], at 13–7 (1994).

Starware's opposition to PEI's Motion alleges that a "substantial number" of the copyright registrations asserted by PEI are for "collective works," and that it is not liable for infringement of these works since PEI may not own the underlying photographs which Starware copied from these works. A "collective work" is infringed if any copyrightable portion of the work which is original to the copyright owner is improperly copied by another. *See* 1 M. Nimmer and D. Nimmer, *Nimmer on Copyrights*, § 3.04[A] (1994). Starware, however, has failed to come forward with a single fact to support its position.

In any event, PEI has shown that it does, in fact, secure the copyrights to the

photographs contained in its publications. In doing so, PEI submitted the Affidavit of Marcia Terrones, PEI's photographic Rights and Permission Administrator. As set forth in her Affidavit, Ms. Terrones examined the list of photographs identified in Column II of Exhibit A to PEI's Verified Complaint for the respective collective works, and verified that PEI owns the copyright in each photograph at issue in PEI's Motion, with one noted exception. (Terrones Affidavit ¶ 3).[3] As such, Starware's premise that it is not liable for infringement of the "collective works" since PEI has not shown that it owns the copyrights to the underlying photographs in question is without merit.

■ The remaining copyright registrations at issue are not "collective work" registrations. Thus, Starware's argument concerning the "collective work" registrations is irrelevant to these registrations.[4]

■ Thus, having shown that PEI is the owner of the valid copyrighted works at issue, the Court will now turn to the issue of whether the works were copied by Starware. First, to infringe, the accused work must be a "copy" of the copyrighted work. An accused work is not a "copy" if it was independently created, without reference, directly or indirectly, to the copyrighted work. Since proof that the accused work was created by copying is rarely available to a copyright owner, copying is normally shown by proving:

(1) Access to the copyrighted work; and

(2) Substantial similarity between the copyrighted work and the accused work.

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982).

■ Alternatively, creation-by-copying may be proved by showing a "striking similarity" between the copyrighted work and the accused work where proof of access is absent. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir.1978); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyrights* § 13.02[B], at p. 13–23 (1994), and cases cited therein.

■ Here, Defendant has admitted that PEI's publications are widely distributed throughout the United States. (Answer ¶ 1.) Virtually every adult in this country has had "access" to the copyrighted photographs published in Playboy® Magazines. Moreover, the accused images are not merely "strikingly similar" to PEI's photographs, but are virtually exact copies. In most cases, the only differences are that PEI's text has been deleted from the copies, or colors are imperfectly copied, or the original PEI photograph has been cropped. (Verified Complaint ¶¶ 38 and 42–44.)

■ Thus, there is no dispute whatsoever that the accused images are "copies" of PEI's photographs, and were not developed independently of PEI's work. If there were any doubt that Defendant's accused images are copies of PEI's photographs, those doubts would have to be resolved by shifting the burden to Defendant to prove that the accused images were independently created. *Kamar International, Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1062 (9th Cir.1981). The copyright claimant need not prove *who*

**3.** Ms. Terrones did not verify that a photograph contained in the publication identified as No. 12 in Column I of Exhibit A to PEI's Verified Complaint was owned by PEI. Nonetheless, she did verify that PEI owned another copyright to a photograph in that publication which was also copied by Starware.

**4.** By Order dated September 19, 1994, this Court has already stricken Starware's unprecedented argument that photographs of humans are not deserving of copyright protection. Starware again argues in opposition to the present motion that such photographs are not copyrightable. It again cites no authority for its position. As acknowledged by this Court's September 19, 1994, Order, "photographs" are one of the works of

authorship that the copyright statute explicitly defines as proper subject matter. 17 U.S.C. §§ 101, 102(a)(5). Further, as one preeminent scholar in copyright law recognizes, almost any photograph by virtue of the photographer's personal choice of such factors as background, camera angle, lighting, or color scheme, may claim the necessary originality to support a copyright. *See* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyrights* § 2.08[E][1], at pp. 2–128 to 2–129 (1994); *see also Playboy Enterprises Inc. v. Frena*, 839 F.Supp. 1552 (M.D.Fla.1993) (where copyrighted photographs of the nature at issue here were held to be infringed). Accordingly, Starware has raised no issue of factual dispute as to the copyrightability of the material in question.

**438**

used the copyrighted work to create the copy sold by Defendant. That Defendant did not itself create the copy is no defense. *Playboy Enterprises,* 839 F.Supp. at 1556. In any event, as discussed above, Defendant Starware, in its opposition to PEI's Motion, does not dispute that the accused images are virtual copies of PEI's photographs and were not created independently of PEI's photographs at issue.

 The second part of the two-part test for "copying" is whether Defendant has used the accused copies in any of the ways delineated in Section 106 of the Copyright Statute. Under 17 U.S.C. § 106, that bundle of rights includes, among other things, the exclusive right to:

(a) Reproduce the copyrighted work, 17 U.S.C. § 106(1); and

(b) Distribute copies of the copyrighted work to the public by sale or other transfer of ownership. 17 U.S.C. § 106(3).

Using a copyrighted work in any one of these ways, without permission of the copyright owner, constitutes actionable copyright infringement. 17 U.S.C. § 501; *Playboy Enterprises,* 839 F.Supp. at 1555–56.

Specifically, by producing and reproducing nearly 10,000 CD ROM disks that contain unauthorized copies of PEI's photographs, Defendant has violated PEI's exclusive right of reproduction under 17 U.S.C. § 106(1). Further, by selling or otherwise publicly distributing CD ROM disks containing copies of PEI's photographs, Defendant has violated PEI's exclusive right to distribute the copyrighted works under 17 U.S.C. § 106(3). *See* 1 M. Nimmer & D. Nimmer, *Nimmer on Copyrights* § 2.08[E], at 2–127 (1994); *Playboy Enterprises,* 839 F.Supp. at 1556 (supplying electronic reproductions of copyrighted photographs constitutes infringement even if defendant did not himself make the copies).

Thus, the Court finds that the undisputed facts mandate partial summary judgment that Defendant Starware's unauthorized distribution and reproduction of PEI's copyrighted material is copyright infringement as a matter of law under 17 U.S.C. § 501.

Accordingly, IT IS HEREBY ORDERED as follows:

PEI is granted partial summary judgment on its claim against Starware for infringement of the 53 copyrights identified as Nos. 1–39 and 41–54 in Exhibit A, and set forth specifically in Exhibits B1–B39 and B41–B54 to PEI's Verified Complaint, as a result of Starware's reproduction and distribution of its "Private Pictures I" CD–ROM disk and the accused images and files thereon.

IT IS SO ORDERED.